IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KRISTOFER THOMAS KASTNER, *et al.*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-1012-EFM |
| INTRUST BANK, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| KRISTOFER THOMAS KASTNER, *et al.*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-1013-EFM |
| ROBERT I. GUENTHNER, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Kristofer Thomas Kastner has filed suit against Intrust Bank and various officers of Intrust Bank (Case No. 10-1012), alleging breach of fiduciary duty, bad faith, "breach of trust," negligent misrepresentation, and fraud. Plaintiff has also filed suit against the law firm Morris, Laing, Evans Brock & Kennedy, Chtd., and against Robert I. Guenthner, President of the law firm (Case No. 10-1013), alleging negligent misrepresentation, fraud, breach of fiduciary duty, and breach of contract. Both lawsuits relate to a revocable trust.

-1-

Plaintiff has filed motions in both cases for the Judge to disqualify himself and to reassign the case (Doc. 46 in Case No. 10-1012, Doc. 43 in Case No. 10-1013). In support of his motion, Plaintiff recites that I was a partner in the law firm of Foulston Siefkin[1] from 1987 through 2002, that Foulston Siefkin represented Intrust Bank "in a variety of matters," and that the contacts I possess with Intrust Bank "are too numerous for the Judge to render and [sic] impartial decision on the case."

28 U.S.C. § 455(a) provides: "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is not whether a judge is *in fact* biased against a party, or otherwise prejudiced regarding the litigation. Rather, the issue of bias or prejudice are to be evaluated on an objective basis, "so that what matters is not the reality of bias or prejudice but its appearance."[2] Recusal should be determined based upon "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[3] However, the standard also is not speculative nor fanciful. The test is a reasonable analysis, made upon knowledge of all the facts. Recusal under Section 455(a) "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or suggestion."[4]

Plaintiff is correct that I was associated with the law firm Foulston Siefkin from 1987 through 2002, and in fact I was a partner there from 1992 through 2002. However, following my

---

[1] Plaintiff refers to the law firm as "Foulstein and Siefkin" throughout both pleadings.

[2] *Liteky v. United States*, 510 U.S. 540, 548 (1994).

[3] *Bryce v. Episcopal Church*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

[4] *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citing *United States v. Cooley*, 1 F.3d at 993).

departure from the firm (to become United States Attorney for the District of Kansas) I was involved in litigation adverse to that law firm. Therefore, due to the passage of time and my intervening adversarial litigation against the firm and its clients, I do not find that historical fact alone as grounds for recusal.

Moreover, despite Plaintiff's assertions, I do not recall representing Intrust Bank in any matters during my time at Foulston Siefkin. While it is possible that the law firm, through me or other attorneys there, may have represented the bank in isolated, minor matters, I have no present recollection of it. Further, given that one of Foulston Siefkin's principal clients during my tenure there was Bank IV, a rival bank to Intrust Bank (the two banks were among the largest, if not the two largest, banks in Wichita during that time period), I consider it highly unlikely that either me or my law firm would have engaged in any significant representation of Intrust Bank - if indeed we engaged in any representation at all. As to the law firm Morris Laing, Plaintiff makes no allegations whatsoever, but merely recites verbatim its arguments regarding Intrust Bank without explanation as to such arguments' relevance to the Morris Laing law firm. No coherent argument for recusal in that case is presented.

Accordingly, Plaintiff's motions for disqualification are denied.

**IT IS THEREFORE ORDERED**, that in Case No. 10-1012, Plaintiff's Motion to Disqualify Judge (Doc. 46), is DENIED.

**IT IS FURTHER ORDERED**, that in Case No. 10-1013, Plaintiff's Motion to Disquality Judge (Doc. 43), is DENIED.

**IT IS SO ORDERED**.

Dated this 5th day of October, 2010.

                                              ERIC F. MELGREN
                                              UNITED STATES DISTRICT JUDGE