# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KRISTOFER THOMAS KASTNER,** )
et al., )
　)
　　　　　**Plaintiffs,** )
　)
v. ) Case No. 10-1012-EFM
　)
**INTRUST BANK, et al.,** )
　)
　　　　　**Defendants.** )
　)

## MEMORANDUM AND ORDER

This matter is before the court on Mr. Kastner's "motions for discovery" (Doc. 33 and 35) and defendants' motions to strike (Doc. 39 and 40).[1]  Stripped of prolixity, the issue before the court is whether defendants should be compelled to answer certain discovery requests. The court's rulings are set forth in greater detail below.

### Background

Highly summarized, this is an action by a "beneficiary" of a trust that was created by

---

[1] Mr. Kastner, pro se, also listed the Estate of Jessie Brooks and Jessie Brooks in the caption as plaintiffs. However, Mr. Kastner's authority to proceed on behalf of Jessie Brooks and/or her estate is not clear. For editorial clarity the court will refer to plaintiff in the singular.

plaintiff's grandmother, Jessie Brooks.[2] The trust agreement was executed by Jessie Brooks in 1996 and provided for distributions during her lifetime and, upon her death, for the benefit of her daughter, Nola Mae Wills. The remainder of the trust assets, if any, are to be distributed to plaintiff (Jessie's grandson) upon the death of Ms. Wills. Ms. Brooks died in 2000 and Ms. Wills survives.[3]

In January 2009, plaintiff received a letter from the trustee indicating that the trust had declined in value after the death of his grandmother in 2000. Mr. Kastner filed this action against the trustee financial institution and related individuals alleging breach of fiduciary duties, negligence, negligent misrepresentation, and fraud. Defendants move to dismiss, asserting that (1) Mr. Kastner lacks standing to pursue these claims and is not the real party in interest, (2) the claims are barred by the Kansas 10-year Statute of Repose, and (3) Nola Wills is a necessary party.

**Discovery**

A brief explanation of the parties' respective filings is useful in understanding the discovery issue before the court. Plaintiff served production requests and interrogatories requesting extensive information concerning the Jessie Brooks trust, the Verne S. Brooks

---

[2] The nature and legal status of plaintiff's "beneficiary" interest is an unresolved issue in the case and the subject of defendants' motion to dismiss.

[3] Ms. Wills is not a party to this lawsuit but has retained counsel and advised Intrust that she objects to the disclosure of any information concerning her financial interests to Mr. Kastner.

trust, and Intrust Bank's handling of other trusts. Defendants asserted various objections to the discovery requests and plaintiff filed two motions (Doc. 33 and 35) asking that the court "overrule" the objections. Defendants construed the two motions as motions to compel and moved to strike (Doc. 39 and 40), arguing that plaintiff failed to (1) attach a certificate that he attempted to confer in good faith before filing his motions and (2) attach copies of the discovery requests and defendants' responses to the discovery requests. Plaintiff responded by refiling his two "motions" and attached (1) a certificate concerning his efforts to confer and (2) the discovery requests and defendants' responses. (Doc. 40 and 41). Defendants then filed "combined suggestions in opposition to plaintiff's motions to compel," asking that the court defer ruling on the discovery motions until a ruling on the pending motion to dismiss or, in the alternative, sustain its objections to the discovery requests. (Doc. 45). As explained in further detail below, plaintiff's motions (Doc. 33 and 35) shall be DENIED WITHOUT PREJUDICE and defendants' motions to strike (Doc. 39 and 40) are MOOT.

With respect to defendants' motions to strike, plaintiff has now filed certificates reflecting his efforts to confer in good faith and also filed the discovery requests and defendants' responses. Because plaintiff's procedural mistakes have been cured, defendants' arguments for striking plaintiff's motions are no longer applicable. Accordingly, defendants' motions to strike are moot.

With respect to plaintiff's "motions," the court is persuaded that resolution of the individual discovery requests should be deferred until the court rules on defendants' pending motion to dismiss. Defendants raise significant arguments in their motion to dismiss and the

-3-

ruling on the dispositive motion may dispose of all or part of plaintiff's claims.[4] Additionally, plaintiff seeks considerable information concerning confidential financial information of an individual (Ms. Wills) who is not a party in the case. Plaintiff's standing to pursue this action should be resolved before discovery of this nature is addressed. Finally, plaintiff supports his motion for discovery with references to his "400 page opinion" filed in opposition to the motion to dismiss. The court declines plaintiff's invitation to review his lengthy dispositive brief in order to rule on the discovery dispute.

Although defendants suggest that a ruling on discovery be deferred, the motions shall be DENIED WITHOUT PREJUDICE because the current briefing by plaintiff is inadequate and inappropriate.[5] If plaintiff's claims survive the motion to dismiss, plaintiff may refile his motion to compel. However, any renewed motion by plaintiff to compel shall be limited to twenty pages of legal argument. Defendant's response is similarly limited to twenty pages of legal argument and plaintiff's reply brief is limited to ten pages.

**IT IS THEREFORE ORDERED** that plaintiff's motions (**Doc. 33 and 35**) are **DENIED WITHOUT PREJUDICE**, consistent with the rulings herein. Defendants'

---

[4] For example, a ruling sustaining defendants' Statute of Repose argument will, at a minimum, reduce the need for discovery concerning events that occurred more than ten years before this case was filed.

[5] As noted above, plaintiff refers to *his* "400-page opinion" filed elsewhere in the case. The court will not sift through 400 pages of a pro se party's "opinion" to understand his discovery arguments.

motions to strike **(Doc. 39 and 40)** are **MOOT.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of November 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge