## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KRISTOFER THOMAS KASTNER, )
et al., )
 )
        **Plaintiffs,** )
 )
v. )   Case No. 10-1012-EFM
 )
INTRUST BANK, et al., )
 )
        **Defendants.** )
 )

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

    1. Plaintiff's Motion to Amend (Doc. 61);

    2. Plaintiff's Motion to Amend (Doc. 64); and

    3. Defendants' Motion to Strike (Doc. 66).

The background and nature of this lawsuit have been described in an earlier opinion and will not be repeated. See, Memorandum and Opinion, Doc. 52, filed November 10, 2010. The rulings are set forth below.

**Plaintiff's Motion to Amend (Doc. 61)**
**Plaintiff's Motion to Amend (Doc. 64)**
**Defendant's Motion to Strike (Doc. 66)**

The above motions are interrelated and warrant a brief explanation before addressing the substance of plaintiff's proposed amendments. Plaintiff, pro se, filed a motion to amend

his complaint (Doc. 61, filed Dec. 28, 2010) and defendants opposed the motion, arguing that plaintiff did not attach the proposed amended complaint as required by D. Kan. Rule 15.1. Rather than file a reply brief, plaintiff filed a new motion to amend and attached the proposed amended complaint. (Doc. 64, filed January 11, 2011). Under the circumstances, plaintiff's first motion to amend **(Doc. 61)** has been superseded by the more recent motion and is **MOOT.**

For reasons that are not clear, plaintiff filed the proposed amended complaint without court approval on January 12, 2011 and summons were issued to the defendants.[1] Defendants move to strike the amended complaint and summons, arguing that plaintiff filed the amended complaint without leave of court in violation of Fed. R. Civ. P. 15(a). The court agrees. Defendants did not agree in writing to the proposed amendment as required by Rule 15(a)(2) and the deadline for amending "as a matter of course" under Rule 15(a)(1) has long passed. Because plaintiff filed the amended complaint without leave of court as required by Rule 15(a)(2), defendants' motion **(Doc. 66)** to strike the improperly filed amended complaint (Doc. 65) and the related summons is **GRANTED.**

With respect to the substance of plaintiff's motion to amend (Doc. 64), plaintiff seeks

---

[1] Plaintiff's filing of the amended complaint and the issuance of summons highlights a flaw in the court's policy of permitting pro se plaintiffs to electronically file documents in their case. Additionally, because plaintiff proceeds in forma pauperis, the summons were served by the U.S. Marshal's Service at unnecessary expense. Because plaintiff's wrongful filing of the amended complaint caused an unnecessary expenditure of resources, no further court costs shall be incurred by plaintiff without (1) prepayment or (2) prior approval by the court.

leave to amend the complaint to (1) add Intrust Financial Corporation as a defendant, (2) add claims for breach of contract, deceptive trade practices, and civil conspiracy, and (3) correct typographical errors and submit new facts consistent with the new claims. Defendants' arguments in opposition are set forth in greater detail below.

Defendants argue that plaintiff's motion should be denied as untimely because the motion was filed nearly a year after the case was filed. The court is not persuaded that the passage of one year, by itself, is grounds for denying plaintiff's motion to amend. Defendants requested at least two extensions of time to respond to plaintiffs' initial complaint and additional time was consumed with defendants' arguments that proceedings in the case should be stayed until the court ruled on defendants' motion to dismiss. Under the circumstances, defendants' "untimeliness" objection is not persuasive given the procedural history of the case.

In an argument that is conclusory and somewhat convoluted, defendants argue that the motion should be denied because the court dismissed a number of plaintiff's "causes of action" but that the proposed amended complaint still contains "a number of allegations that clearly support causes of action that have been dismissed." Doc.. 68, p. 5.[2] Defendants contend that the motion should be denied because plaintiff did not "[take] the time to omit the superfluous allegations in light of the court's ruling on defendants' motion to dismiss." Id.

---

[2] Defendants' argument is awkward because generally the court "dismisses" claims or specific legal theories rather than factual allegations.

Unfortunately, defendants do not identify the "allegations" they find objectionable based on this argument and the court is unable to discern the language they contend should be deleted from the amended complaint. More importantly, the court does not construe plaintiff's motion to amend as a request to resurrect claims that have been dismissed by the court. Rather, plaintiff specifically requests leave to add (1) a new defendant, (2) correct typographical errors, and (3) ***add new facts consistent with the new claims.*** Nothing in plaintiff's motion argues that dismissed claims should be resurrected by the amended complaint. Under the circumstances, even if the motion to amend is granted, ***the claims that have previously been dismissed remain dismissed.***

Plaintiff seeks leave to amend to add claims for (1) breach of contract, (2) civil conspiracy and (3) deceptive trade practices. Defendant counters that the breach of contract claim is nothing more than a restyling of plaintiff's breach of trust claim; therefore, the motion to amend to add this claim should be denied. The court rejects this conclusory argument. A party opposing a motion to amend based on futility carries the burden of persuading the court that the proposed amended claim is subject to dismissal for failure to state a claim. In this instance, defendants' conclusory assertion fails to provide sufficient argument and analysis for the court to conclude that the breach of contract claim is a repeat of the breach of trust claim and therefore futile.

For reasons unexplained, defendants present no argument that plaintiff's civil conspiracy claim fails to state a claim. Because defendants have not carried their burden of persuasion, defendants' objection to an amendment adding the civil conspiracy claim is

rejected.

Finally, defendants argue that plaintiff's proposed amendment to add a claim for deceptive trade practices under K.S.A.§ 50-626 is futile. Specifically, defendants argue that "there are legitimate questions as to whether Mr. Kastner is a 'consumer' as that term is defined, and whether the Intrust Bank or its officers were 'suppliers' as the term is defined." Doc. 68, p. 7. Defendants' concession that "there are legitimate questions" hardly qualifies as persuasive argument that the plaintiff's claim is futile on its face. Moreover, defendants fail to cite *any* case law providing useful guidance on the issues of whether a beneficiary of a trust qualifies as a "consumer" or whether individually named defendants may be liable for deceptive acts or practices.[3] Under the circumstances, defendants have not carried their burden of persuasion that the amended claim is futile.[4]

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 61)** is

---

[3] K.S.A. § 50-624(l) appears to exclude banks and lending institutions that are subject to state and federal regulation from the definition of "supplier" and the court assumes that defendant Intrust Bank satisfies this exception. The problem is that the statute does not address the defendants sued in their individual capacities. Additionally, the court sees no indication in the complaint or the parties' briefs whether the proposed new party, Intrust Financial Corporation, is a regulated bank or lending institution described in K.S.A. § 50-624(l). Rather than create confusion by requiring an edited amended complaint be filed, the court will allow the amended complaint as currently drafted to be filed and defendants can respond with an answer or a comprehensive dispositive motion.

[4] The rulings concerning futility are without prejudice. The court expresses no opinion as to whether plaintiff's new claims will survive a fully developed dispositive motion by defendants.

**MOOT.**

**IT IS FURTHER ORDERED** that defendants' motion to strike **(Doc. 66)** is **GRANTED.** Accordingly, the court strikes: (1) **Doc. 65** as an improperly filed amended complaint and (2) the summons issued on January 14, 2011.

**IT IS FURTHER ORDERED** that no further court costs shall be incurred in this case by plaintiff without prepayment or further order of the court.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend **(Doc. 64)** is **GRANTED. The claims that were dismissed in <u>Memorandum and Order</u>, Doc. 53, remain dismissed and are not affected by this amendment.** The clerk of the court shall detach and file the attachment to plaintiff's motion and file it as a separate document. The filing of the amended complaint shall be deemed served on the defendants who have previously entered appearances by electronic notification of the filing to defense counsel. Defendants who have entered an appearance in this case shall file an answer or appropriate dispositive motion to the amended complaint by **March 14, 2011.**

**IT IS FURTHER ORDERED** that defense counsel shall advise the court by **February 28, 2011** whether service by electronic notice on counsel will be accepted by Intrust Financial Corporation with a similar response date. If Intrust Financial Corporation declines to voluntarily accept service, a separate summons will be issued with appropriate deadlines to respond.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of February 2011.

                                                   S/ Karen M. Humphreys
                                          _____
                                          KAREN M. HUMPHREYS
                                          United States Magistrate Judge