# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRISTOFER THOMAS KASTNER, et. al.

*Plaintiffs*,

vs.

Case No. 10-1012-EFM

INTRUST BANK, et.al.,

*Defendants.*

## MEMORANDUM AND ORDER

Almost fifteen years ago, Plaintiff Kristofer Thomas Kastner's grandmother executed a trust with Defendant Intrust Bank serving as the trustee. Plaintiff, a beneficiary, brings suit against Intrust Bank, four of its bank officers, and Intrust Financial Corporation alleging that the trust has lost value since his grandmother's death in 2000. Before the Court is Defendants' Motion to Dismiss (Doc. 80). For the following reasons, the Court grants Defendants' motion.

### I. Factual and Procedural Background[1]

Plaintiff filed his original Complaint on January 13, 2010 asserting nine causes of action.

---

[1] For the purposes of this Order, the Court assumes the truth of these facts and considers them in the light most favorable to Plaintiff. Defendants have attached a copy of the Trust Agreement. Notwithstanding the general principle that the Court should not consider matters outside the complaint without converting a motion to dismiss or motion for judgment on the pleadings to a motion for summary judgment, "if a plaintiff does not incorporate or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Generally, Plaintiff alleged that Defendants failed in their duties because the Trust lost value. Defendants filed a Motion to Dismiss, and the Court dismissed five claims.[2] Four claims remained at that time: (1) breach of trust; (2) fraud by silence by failing to disclose material facts concerning the nature of the Trust investments or explain poor investments; (3) fraud in the investment of the Trust; and (4) reformation of trust.[3]

Plaintiff then filed a Motion to Amend Complaint, which the Court subsequently granted, and Plaintiff filed his Amended Complaint on February 23, 2011. In his Amended Complaint, Plaintiff's allegations are generally the same in that he asserts that the trust lost value due to Defendants' alleged failure to properly invest. Plaintiff included an additional party, Intrust Financial Corporation. In addition, he added three new claims of breach of contract, deceptive trade practices under the Kansas Consumer Protection Act ("KCPA"), and civil conspiracy.[4]

Defendants have again filed a Motion to Dismiss. They seek dismissal of Plaintiff's reformation of trust claim on the basis that Plaintiff lacks standing to assert the claim because he is not a qualified beneficiary. They also argue that Plaintiff fails to state a claim under the KCPA. Finally, they assert that all other claims, with the exception of Plaintiff's breach of trust claim, should be dismissed because Plaintiff is only seeking damages for depreciation of the value of trust

---

[2]Doc. 53. The Court will not set forth those details in this Order.

[3]These claims were previously 4, 7, 8, and 9.

[4]When Plaintiff filed his motion for leave to file an amended complaint, he asserted that he sought to add three additional claims: breach of contract, deceptive trade practices, and civil conspiracy. Indeed, in allowing Plaintiff leave to amend his complaint, the Court only addressed these three new claims. Doc. 77.
 Arguably, Plaintiff has attempted to add a fourth additional claim and resurrect a claim previously dismissed. These claims include (1) failure to exercise the degree of care and skill which would be used by a reasonably competent trustee under the same or similar circumstances; and (2) negligent misrepresentation. Neither claim is appropriately before this Court. Plaintiff did not seek leave to add the claim of failure to exercise the degree of care and skill. As such, the Court will not address it. With respect to Plaintiff's negligent misrepresentation claim, this claim was previously dismissed in the Court's prior Order (Doc. 53), and Plaintiff cannot raise this claim.

property, and they cannot be held liable for these damages.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[5] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[7] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[8] Allegations that merely state legal conclusions, however, need not be accepted as true.[9]

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[10] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[11] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those

---

[5]*Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[6]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[7]*Iqbal*, 129 S.Ct. at 1950.

[8]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[9]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10]*Id.*

[11]*Id.*

issues."[12]

## III. Analysis

### A. *Reformation of Trust*

Defendants contend that Plaintiff's claim for reformation of trust and removal of trustee must be dismissed because Plaintiff does not have standing to bring this claim because he is not a qualified beneficiary. Pursuant to K.S.A. § 58a-706(a), "[t]he settlor, if living, a cotrustee, or a qualified beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on its own initiative." With respect to modification or termination of a trust, K.S.A. § 58a-410(b) provides that this may be commenced by a trustee or qualified beneficiary.

K.S.A. § 58a-103(2)(A) defines a "beneficiary" as a person that "[h]as a present or future beneficial interest in a trust, whether vested or contingent." K.S.A. § 58a-103(12)(A) defines a "qualified beneficiary" as a "beneficiary who, as of the date in question, either is eligible to receive mandatory or discretionary distributions of trust income or principal, or would be so eligible if the trust terminated on that date."

"In accordance with Kansas's rules of interpretation '[o]ur goal is to implement the intent of the legislature according to the plain language of the provision in question.'"[13]

> When a court is called upon to interpret a statute, the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language it enacted. For this reason, when the language of a statute is plain and unambiguous, courts need not resort to statutory construction.[14]

---

[12]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[13]*United States v. Riccardi*, 405 F.3d 852, 871 (10th Cir. 2005) (citing *Rodreick v. Estate of Wikoff*, 29 Kan. App. 2d 726, 31 P.3d 307, 310 (Kan. App. 2001) (citing *City of Wichita v. 200 South Broadway*, *Ltd*., 253 Kan. 434, 855 P.2d 956 (1993))).

[14]*State v. Phillips*, 289 Kan. 28, 32 (2009).

-4-

Kansas enacted the Kansas Uniform Trust Code in 2002, and it became effective in 2003.[15] Although Kansas substantially adopted the Uniform Trust Code, there were some modifications.[16] For example, Kansas' definition of a "qualified beneficiary" appears unique. It differs from the Uniform Trust Code definition because the Uniform Trust Code defines a qualified beneficiary as:

a beneficiary who, on the date the beneficiary's qualification is determined:

(A) is a distributee or permissible distributee of trust income or principal;

(B) would be a distributee or permissible distributee of trust income or principal if the interests of the distributees described in subparagraph (A) terminated on that date without causing the trust to terminate; or

(C) would be a distributee or permissible distributee of trust income or principal if the trust terminated on that date.[17]

In contrast to the Uniform Trust Code, Kansas does not include within its definition of qualified beneficiaries an individual who would be eligible to receive a distribution if the current distributee's interests terminated without terminating the trust. Instead, it limits a qualified beneficiary to one whom is eligible, as of the date in question, to receive a distribution or would be so eligible if the trust terminated on that date.

In addition, as noted above, Kansas makes a distinction between a beneficiary and a qualified beneficiary in the definition section of the statute. Kansas law then specifically provides in K.S.A. § 58a-706 that a *qualified* beneficiary may request the court to remove a trustee, and K.S.A. § 58a-

---

[15]*See In re Harris Testamentary Trust*, 275 Kan. 946, 951, 69 P.3d 1109, 1113 (2003).

[16]*Id*. at 951-52, 69 P.3d at 1113-1114; s*ee also* David M. English, *The Kansas Uniform Trust Code*, 51 Kan. L. Rev. 311 (Feb. 2003) (discussing the enactment of the Kansas Uniform Trust Code and the changes between it and the Uniform Trust Code).

[17]Unif. Trust Code § 103(13) (emphasis in original). Missouri adopted the Uniform Trust Code's definition for qualified beneficiary. *See* Mo. Rev. Stat. § 456.1-103(20).

410 provides that *qualified* beneficiaries may commence a proceeding to approve or disapprove modification or termination of the trust.[18] As such, it appears from the plain language of the statute that a contingent beneficiary cannot request removal of the trustee or seek modification of the trust. The statutes are clear in that they limit the individuals to *qualified* beneficiaries.

In this case, pursuant to the terms of the Trust, Plaintiff is not currently entitled to any distributions.[19] The Trust provides "[a]s long as Settlor's daughter, Nola Mae Wills, is living, Trustee shall distribute to or for her benefit, at least quarterly, all of the net income of the trust.[20] Only after the death of Ms. Wills is Plaintiff entitled to distributions.[21] As such, Plaintiff is not currently entitled to any distribution and would not currently be eligible for a distribution if the trust

---

[18]*See also* English, *The Kansas Uniform Trust Code*, 51 Kan. L. Rev. 311, 330.

> The Kansas UTC also limits the class that can participate in a decision to terminate a trust to the "qualified beneficiaries." Only the qualified beneficiaries can join with a living settlor in terminating an irrevocable trust. And only the qualified beneficiaries can compel the termination of a trust that no longer serves a material purpose, as well as decide how the terminated trust is to be distributed. Under the UTC and former Kansas law, all beneficiaries had to join together. The danger here is that the qualified beneficiaries could join together to terminate a trust, with or without the concurrence of the settlor, and thereby eliminate the interests of other beneficiaries (those holding interests subject to the discretion of the trustee and those who hold remote remainder interests). Should these other beneficiaries object, they are presented with the final hurdle. Under the Kansas but not pure UTC, only a qualified beneficiary has standing to object to a proposed trust termination or modification.

[19]Trust Agreement § 4.5(a). Plaintiff was entitled to a one-time distribution of $25,000 immediately after Jessie I. Brooks' death. Trust Agreement § 4.4(a).

[20]Trust Agreement § 4.5(a).

[21]Trust Agreement § 4.5(b). "After the death of Nola Mae Wills, Trustee shall continue to administer the then-remaining assets of the trust for the benefit of Settlor's grandson, Kristofer Thomas Kastner, if he is living, and if he is not, for the benefit of his issue, per stirpes."

terminated on this date.[22] He, therefore, is not a qualified beneficiary under Kansas law.[23] As such, he does not have standing to seek reformation or modification of the trust, and the Court dismisses Plaintiff's reformation and modification claim.

### B. *Kansas Consumer Protection Act claim*

Defendants assert that Plaintiff's claim under the KCPA must be dismissed. They argue that Plaintiff does not fit the definition of "consumer," Defendants do not meet the definition of "supplier," and Plaintiff's allegations do not meet the requirements of a "consumer transaction" under the Act.

The KCPA was enacted, in part, to protect consumers from suppliers who commit deceptive and unconscionable practices.[24] "The Act applies to 'consumers' engaged in 'consumer transactions' with 'suppliers.'"[25]

K.S.A. § 50-624(b) defines a consumer as "an individual . . . who seeks or acquires property or services for personal, family, household, business or agricultural purposes." Plaintiff does not allege that he is a "consumer" under the Act. Instead, he alleges that Defendants have deceived him about the investment of the trust, the performance of the trust, and the waiver provisions contained in the Trust. There are no allegations that he sought or acquired services or property for personal, family, household, business, or agricultural purposes. Furthermore, Plaintiff is a beneficiary of the

---

[22]Plaintiff contends that he would be entitled to distributions if the trust terminated with the death of Ms. Wills. However, the trust would not terminate on the death of Ms. Wills, but rather, it would continue on for Plaintiff's benefit. Indeed, that is the contingency upon which Plaintiff's interest rests.

[23]Although Plaintiff asserts that Defendants previously treated him as a qualified beneficiary, the Court must interpret Kansas law, and Plaintiff does not fall within Kansas' definition.

[24]K.S.A. § 50-623(b); *see also CIT Group/Sales Fin., Inc. v. E-Z Pay Used Cars, Inc.*, 29 Kan. App. 2d 676, 685, 32 P.3d 1197, 1204 (2001).

[25]*Berry v. Nat'l Med. Servs., Inc.*, 41 Kan. App. 2d 612, 621, 205 P.3d 745, 752 (2009) (citing K.S.A. § 50-623(b); K.S.A. § 50-624, comment (c); K.S.A. § 50-626(a)).

trust, and he did nothing to obtain Defendants' services. Instead, his status only came into effect after his grandmother's death. Accordingly, Plaintiff did not seek or acquire Defendants' services, and Plaintiff does not allege that he is a consumer under the KCPA.

Even if Plaintiff's complaint could be construed to allege that Plaintiff is a consumer, there are no allegations that a "consumer transaction" occurred between Plaintiff and Defendants. A "consumer transaction" is defined as "a sale, lease, assignment or other disposition for value of property or services within this state (except insurance contracts regulated under state law) to a consumer; or a solicitation by a supplier with respect to any of these dispositions."[26] Again, as noted above, Plaintiff alleges that Defendants have deceived him about the investment of the trust. There are no allegations that Plaintiff exchanged anything of value in exchange for Defendants' services. As such, Plaintiff does not allege that a consumer transaction. Plaintiff fails to state a claim under the KCPA, and the Court dismisses this claim.

### *C. Other Causes of Action, Other Than Breach of Trust*

Defendants argue that they are not liable to Plaintiff under any cause of action, other than breach of trust, because Plaintiff is only seeking damages for depreciation of the value of trust property. K.S.A. § 58a-1001 provides that "[a] violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." K.S.A. § 58a-1003(b) provides that "absent a breach of trust, a trustee is not liable to a beneficiary for a loss or depreciation in the value of trust property or for not having made a profit."

Plaintiff alleges that the trust has lost $40,485.69 from 2000 through 2008 and had the Defendants invested the money as Plaintiff would have invested the money, the trust would now

---

[26] K.S.A. § 50-624(c).

allegedly be worth approximately 10.88 million dollars.[27] Plaintiff's allegations demonstrate that he is seeking damages for the depreciation in value of the trust property. Because Plaintiff is only seeking damages for the depreciation in value of trust property, his other claims appear to be subsumed in his breach of trust claim which allows for damages for a loss of depreciation in the value of trust property.[28] As such, the Court grants Defendants' motion to dismiss all other remaining claims with the exception of Plaintiff's breach of trust claim.

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion to Dismiss (Doc. 80) is hereby **GRANTED**. All claims are dismissed other than Plaintiff's breach of trust claim.

**IT IS SO ORDERED**.

Dated this 1st day of June, 2011.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[27] Plaintiff alleges that the trust was worth $847,518.09 in January of 2009.

[28] To the extent Plaintiff is seeking attorney's fees (he does not currently have an attorney) and/or punitive damages, these would be contingent on the success of his claims. It appears that a breach of trust claim may allow punitive damages. *See* K.S.A. § 58a-1002(c) ("The provisions of this section shall not exclude an award of punitive damages).