#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KRISTOFER THOMAS KASTNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-1012-EFM |
| ) | |
| **INTRUST BANK, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### **MEMORANDUM AND ORDER**

This matter is before the court on the following motions:

    1. Plaintiff's Motion to Compel (Doc. 57);

    2. Plaintiff's Motion to Compel (Doc. 58); and

    3. Plaintiff's Motion to Supplement (Doc. 60).[1]

The background and nature of this lawsuit have been described in an earlier opinion and will not be repeated. See, Memorandum and Opinion, Doc. 52. For the reasons set forth below, the motions shall be DENIED.

---

[1] Both Doc. 57 and 58 are captioned "Kristofer Thomas Kastner's Response To Defense Discovery Objections." The court construes the documents as motions to compel.

### Plaintiff's Motions to Compel (Doc. 57 & 58) and to Supplement (Doc. 60).

The pending motions relate to plaintiff's efforts to compel defendants to answer interrogatories and production requests. The "motions" and sequence of briefing are confusing and require clarification.

Plaintiff, pro se, filed a motion to compel (Doc. 57) on December 14, 2010. The next day, December 15, 2010, plaintiff refiled his motion and attached the interrogatories and production requests as exhibits. (Doc. 58).[2] Because plaintiff's first motion to compel (Doc. 57) has been superseded by the more recent motion (Doc. 58), Doc. 57 is moot and therefore DENIED.

Plaintiff's motion (Doc. 58) seeks complete answers to Interrogatory Nos. 1-8 and Production Request Nos. 1-11 and 13-23. Plaintiff then moved to "supplement" his motion. (Doc. 60).[3] Defendants' initial response asserted that the motion was premature and that rulings should be deferred because defendants had amended their discovery responses. (Doc. 63). For reasons unexplained, plaintiff refiled his request to "supplement" and attached his "2nd response to defense discovery objections." (Doc. 69). Defendants filed a second

---

[2] As noted above, plaintiff captioned Doc. 57 and Doc. 58 as responses to defendants' discovery objections.

[3] Although captioned as a "request to file surreply," Doc. 60 is characterized on the docket as a "motion to supplement motion to compel."

-2-

response (Doc. 70), assuming that Doc. 69 was a new motion to compel.[4]

Two important developments in the case occurred after the above sequence of briefing. First, plaintiff amended his complaint and added three claims. (Doc. 78). More importantly, defendants' second motion to dismiss was granted and, with the exception of plaintiff's breach of trust claim, all other claims have now been dismissed. Memorandum and Order, Doc. 89. Because the case has been significantly narrowed and only one claim remains, the relevance of plaintiff's disputed discovery requests is in question. However, neither parties' brief adequately addresses the discovery needs for the remaining claim.[5] Under the circumstances, plaintiff's motion to compel and motion to supplement shall be DENIED WITHOUT PREJUDICE.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 57)** is **MOOT** and therefore **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to compel **(Doc. 58)** and motion to supplement **(Doc. 60)** are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the parties shall confer in good faith prior to the

---

[4] This docketing mess is an unfortunate result of allowing pro se parties to electronically file and docket their own documents.

[5] Plaintiff's appeal of the order dismissing all but his breach of contract claim has been dismissed. (Doc. 103). Plaintiff's motion to "alter judgment" remains pending. (Doc. 90).

refiling of any motion to compel. Any motion to compel by plaintiff shall be limited to fifteen pages and defendants' response shall be similarly limited to fifteen pages. Plaintiff's reply brief, if any, shall be limited to 10 pages.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of August 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge