# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRISTOFER THOMAS KASTNER, et. al.

*Plaintiffs*,

vs.

Case No. 10-1012-EFM

INTRUST BANK, et.al.,

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Kristofer Thomas Kastner brought suit against Intrust Bank asserting numerous claims. Defendant moved to dismiss the complaint which the Court granted in part and denied in part. Plaintiff filed an amended complaint, and Defendant again moved to dismiss it. The Court largely granted Defendant's motion but allowed one claim to survive (Doc. 89). Plaintiff now moves for the Court to reconsider its order (Doc. 90). In addition, Plaintiff has filed a Motion for Trust Disbursement (Doc. 100) and a Motion for Order of Trust Disbursement (Doc. 104). For the following reasons, the Court denies Plaintiff's motions.

### Motion to Reconsider (Doc. 90)

The Court has discretion whether to grant a motion to reconsider.[1] The Court may recognize

---

[1] *See Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir. 2006). Defendant proceeds under Federal Rules 59 and 60 because Plaintiff does not reference a specific rule in his motion for reconsideration. However, there is some confusion as to whether a district court's order disposing of some, but not all, claims is considered dispositive. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Co.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (discussing

any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.[2]  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.[3]  Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[4]

Plaintiff takes issue with the Court's ruling that he is not a qualified beneficiary under Kansas law.  He also argues that he has been denied discovery to help bolster his claims contained in his complaint.  In deciding Defendant's motion to dismiss, the Court reviewed the pleadings, the Trust document which was central to the complaint, and Kansas law in deciding whether Plaintiff had stated a claim.[5]  In Plaintiff's motion for reconsideration, Plaintiff discusses in greater detail his argument as to why he is a qualified beneficiary under the Trust.  In addition, he asserts several new arguments as to why he should be considered a qualified beneficiary under Kansas law.  There is no explanation as to why Plaintiff did not raise these arguments in his previous response to Defendant's motion to dismiss or why he did not respond in greater detail in his previous briefing.  As noted above, a motion for reconsideration is not the time for a party to present its strongest case

---

cases).  Rules 59(e) and 60(b) are applicable only when a final judgment has been entered, adjudicating all the claims of all parties.  *See Stoermann-Snelson v. St. Luke's Health Sys.*, 2008 WL 686125, *2 (D. Kan. Mar. 12, 2008); *Ferluga v. Eickhoff*, 236 F.R.D. 546, 548 (D. Kan. 2006).  As no final order has been entered in this case adjudicating all the claims, the Court will proceed under D. Kan. Rule 7.3(b), which is applicable to non-dispositive orders. Nevertheless, the standard is similar for motions brought under D. Kan. Rule 7.3(b) or Rule 59(e).

[2]*See* D. Kan. Rule 7.3(b); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3]*See Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[4]*See Servants of the Paraclete*, 204 F.3d at 1012.

[5]Similar to Plaintiff's previous responses, Plaintiff attached numerous exhibits to this briefing.

because it failed to do so in the first instance. Plaintiff does not direct the Court to any intervening change in the law, new evidence, or manifest injustice warranting reconsideration or relief from the Court's previous ruling. As such, the Court denies Plaintiff's motion to reconsider.[6]

### Motions for Trust Disbursement (Docs. 100 and 104)

Plaintiff also filed a Motion for Trust Disbursement (Doc. 100). In this motion, Plaintiff seeks a temporary modification of the trust, an emergency distribution, because he has no current source of income and may become homeless. Approximately three weeks after filing his Motion for Trust Disbursement, Plaintiff filed a motion entitled "Update to Motion for Emergency Distribution from the Jessie I. Brooks Trust" (Doc. 104). In this motion, Plaintiff asserts that his employment offer was rescinded and his circumstances are more dire than previously asserted in his first motion for a trust disbursement.

While the Court is sympathetic to Plaintiff's monetary issues, Plaintiff is essentially asking the Court to reform or modify the trust by ordering a distribution of $10,000, $5,000, or $2,500 to Plaintiff. In the Court's previous order, it dismissed Plaintiff's reformation of trust claim. In dismissing this claim, the Court found that Plaintiff was not currently entitled to any distributions under the Trust, and he therefore lacked standing to seek reformation or modification of the trust because he was not a qualified beneficiary under the Kansas Uniform Trust Code.[7] There is no provision in the Trust allowing for a distribution to Plaintiff while Plaintiff's mother, Nola Mae

---

[6]The Court notes that Plaintiff inappropriately filed a notice of appeal to the Tenth Circuit. On August 16, 2011, the Tenth Circuit dismissed Plaintiff's appeal as it lacked appellate jurisdiction because Plaintiff's breach of trust claim remains unresolved in this court. Although this Court now denies Plaintiff's motion to reconsider its previous Order, the Tenth Circuit will still not have the jurisdiction to hear an appeal because the breach of trust claim remains pending.

[7]K.S.A. § 58a-410 provides that qualified beneficiaries may commence a proceeding to approve or disapprove modification or termination of the trust.

Wills, is alive.[8]   As such, Plaintiff's motions for trust disbursement are denied.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion to Alter Judgment (Doc. 90) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Trust Disbursement (Doc. 100) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order of Trust Disbursement (Doc. 104) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 31st day of August, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] Plaintiff received a one-time $25,000 disbursement upon the death of the settlor, Jessie I. Brooks.