# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRISTOFER THOMAS KASTNER, et. al.

*Plaintiffs*,

vs.

Case No. 10-1012-EFM

INTRUST BANK, et.al.,

*Defendants.*

## MEMORANDUM and ORDER

This matter is before the Court on Plaintiff Kristofer Kastner's Motion for Rule 54(b) Certification (mistakenly identified as a Motion for a Certificate of Appealability) (Doc. 116). On June 1, 2011, this Court dismissed all of Plaintiff's claims against Defendant Intrust Bank, with the exception of Plaintiff's breach of trust claim. Plaintiff now seeks a Rule 54(b) certification of this Order.

Rule 54(b) provides, in part:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In other words, an order may be certified under Rule 54(b) when (1) it is a final order, and (2) there is "no just reason to delay review of the final order until it has conclusively ruled on all claims

presented by the parties to the case."[1] An order must be "final" in the sense that "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[2] A "claim" is generally understood to encompass both the legal and factual elements of a case, and does not become final "unless the claims disposed of are separable from the remaining claims against the same parties."[3] "[T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships."[4]

In the instant case, the Court's Order disposed of six of Plaintiff's seven claims.[5] The facts that Plaintiff relied upon for the majority of the claims the Court dismissed are almost identical to supporting Plaintiff's breach of trust claim. As the Court noted in its previous Order, many of Plaintiff's dismissed claims appeared to be subsumed in his breach of trust claim. Thus, the inquiry into Plaintiff's remaining breach of trust claim is not separable from Plaintiff's dismissed claims. For that reason, Plaintiff's motion for Rule 54(b) certification is denied.[6]

---

[1] *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citing Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

[2] *Id.* (citing *Curtiss-Wright Corp.,* 446 U.S. at 7 (internal quotation marks omitted)).

[3] *Id.* at 1242-43 (quoting 19 James Wm. Moore et. al., *Moore's Federal Practice* § 202.06[2] (3d ed. 1999).

[4] *Id.* at 1242 (citing *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973)).

[5] *See* Doc. 89. The Court previously dismissed five of nine claims which left four claims. Doc. 53. Plaintiff then filed an amended complaint, Doc. 78, and Defendant again moved for dismissal of certain claims. On June 1, 2011, the Court issued an Order dismissing six of those seven claims. Doc. 89. The Court also denied Plaintiff's motion to alter judgment on August 31, 2011. Doc. 107.

[6] Plaintiff's reliance on the collateral order doctrine as grounds for appeal is misplaced for the reasons provided in Defendant's response. *See* Doc. 119.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion for Rule 54(b) Certification (Doc.116) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th  day of March, 2012.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE