IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KRISTOFER THOMAS KASTNER,**       )
                                    )
       **Plaintiff,**              )
                                    )
**v.**                              )   Case No. 10-1012-EFM
                                    )
**INTRUST BANK, et al.,**           )
                                    )
       **Defendants.**             )
                                    )

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

    1. Plaintiff's Motions to Compel Depositions (Doc. 120 & 122);

    2. Plaintiff's Motions to Compel Documents (Doc. 125 & 126);

    3. Plaintiff's Motion to Compel Interrogatory Answers (Doc. 128); and

    4. Plaintiff's Motion to Subpoena Financial Records (Doc. 137).

The background and nature of this lawsuit have been described in earlier opinions and will not be repeated. See, e.g., Memorandum and Opinion, Doc. 52, filed November 10, 2010.[1] For the reasons set forth below, plaintiff's motion to compel production of documents (Doc. 126) is GRANTED IN PART and DENIED IN PART. All other motions to compel are DENIED.

---

[1] United States District Judge Eric F. Melgren dismissed all claims except plaintiff's claim for breach of trust on June 1, 2011. Memorandum and Order, Doc. 89.

**Plaintiff's Motions to Compel Depositions (Doc. 120 & 122)**

Plaintiff moves to compel the depositions of Roger Lemon, Michael P. Canady, C.Q. Chandler, David Sutton, and J. Casado.[2] Defendants oppose the motion to compel, arguing that (1) the depositions are not properly noticed and (2) plaintiff has filed an interlocutory appeal of the partial dismissal of his claims. Defendants contend that the depositions would be "useless" until the interlocutory appeal is been resolved.

On April 17, 2012, the Tenth Circuit dismissed plaintiff's interlocutory appeal because "all of the claims against all of the parties have not been finally adjudicated." Doc. 135, p. 1. Neither party has supplemented their respective briefs concerning this development and the matter is set for a scheduling conference on June 5, 2012. Because neither side discusses the significance of the Tenth Circuit's recent ruling, the motions to compel depositions shall be DENIED WITHOUT PREJUDICE.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel depositions **(122)** is **DENIED WITHOUT PREJUDICE. DOC. 120** is **MOOT** and therefore **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall confer in good faith prior to the refiling of any motion to compel. Any motion to compel by plaintiff shall be limited to ten pages and defendants' response shall be similarly limited to ten pages. Plaintiff's reply brief, if any, shall be limited to five pages.

---

[2] Doc. 122 is an amended version of Doc. 120; therefore, Doc. 120 is MOOT and DENIED.

**Plaintiff's Motion to Compel Documents (Doc. 125 & 126)**

Plaintiff moves to compel defendants to produce documents responsive to 23 production requests.[3] Defendants oppose the motion, arguing that they have produced some documents but that many of the requests seek irrelevant information. The individual production requests are discussed below.

**Production Request No. 1**

Request No. 1 seeks copies of Jesse I. Brooks Trust statements from 1996 to 2000. Defendants argue the request seeks irrelevant information because this case was filed in 2010 and Kansas has a ten-year statute of repose that bars any claims for actions before 2000. Plaintiff has not shown that the statements prior to 2000 are relevant to his remaining claim for breach of trust; therefore, the motion to compel documents responsive to Production Request No. 1 shall be DENIED.

**Production Request No. 2**

Request No. 2 seeks copies of any records relating to the Jessie Brooks Trust account or bank accounts numbered 1020033507 and 1010118800, including documents involving social security checks. Defendants agree to produce trust statements from 2001 to the present but argue that documents before that time are not relevant because of the ten-year statute of

---

[3] Doc. 126 is an amended version of Doc. 125; therefore, Doc. 125 is MOOT and DENIED.

repose.  Defendants also argue that social security checks are irrelevant.

As discussed above, plaintiff has not shown the relevance of documents before 2001 and defendants' production of the trust account statements from 2001 to the present is sufficient.  Documents related to "social security checks" have no relevance to plaintiff's claim for "breach of trust."  Therefore, plaintiff's request to compel Production Request No. 2 shall be DENIED.

**Production Request No. 3**

Request No. 3 seeks documents concerning the investing process and strategy for Intrust Bank's trust department and the Jessie Brooks Trust.  Defendants have sufficiently responded to this request by producing the trust statements from 2001 to the present.  The request to compel additional documents is DENIED.

**Production Request No. 4**

Request No. 4 seeks copies of all records related to the Jessie Brooks Trust.  This request is overly broad because all claims except the claim for breach of trust have been dismissed.  Accordingly, the motion to compel this production request shall be DENIED.

**Production Request No. 5**

Request No. 5 seeks all documents showing asset sales to Pershing and Company.  The motion to compel this request shall be denied because the request is overly board and

seeks irrelevant information. Documents concerning transactions for other trusts are irrelevant to this case.

**Production Request No. 6**

Request No. 6 seeks a copy of the Verne S. Brooks Trust and any related records. The motion to compel this request shall be DENIED because documents concerning Verne's trust are not relevant to plaintiff's breach of trust claim concerning the Jessie Brooks Trust.

**Production Request Nos. 7, 8, & 9**

Request No. 7 seeks documents reflecting the name, address, and telephone number of any service or broker used to buy and sell stock, securities, or financial instruments. Request Nos. 8 and 9 seek documents reflecting entities buying or selling stock, securities, or financial instruments for the trust. Defendants object that the requested information is not relevant to the remaining breach of trust claim in this case. The court agrees and the motion to compel shall be DENIED. Plaintiff has not shown that this information is relevant to the remaining breach of trust claim.

**Production Request No. 10**

Request No. 10 seeks documents reflecting the dates on which defendants provided information to the Jessie Brooks Trust or plaintiff. Defendants assert that these documents have been produced; therefore, the motion to compel shall be DENIED.

**Production Request No. 11**

Request No. 11 asks defendants to "produce documents which show from what assets the disbursements to Nola M. Wills and Intrust Bank have been taken." Defendants do not address this production request in their response; therefore, their objections have been waived and the motion to compel documents responsive to Production Request No. 11 is GRANTED.

**Production Request No. 12**

Request No. 12 seeks documents showing how disbursement amounts and fees are calculated. Defendants argue that they have provided the trust statements. Plaintiff argues that this request "is not discovery" but rather information that must be provided to beneficiaries under the terms of the trust. The motion to compel this request shall be DENIED because production requests and motions to compel are discovery matters controlled by the federal rules of civil procedure. During the discovery phase, the court resolves discovery issues based on the pending claims and federal rules of civil procedure. The substantive terms of a trust are not a basis for a motion to compel under Fed. R. Civ. p. 37.

**Production Request Nos. 13, 14, & 15**

Request Nos. 13, 14, and 15 seek information about "other" trusts and the use of a "waiver" clause. Plaintiff's claims concerning the waiver clause have been dismissed; thus,

-6-

the information requested is irrelevant to plaintiff's remaining claim. Accordingly, the motion to compel requests 13, 14, and 15 shall be DENIED.

**Production Request Nos. 16**

Request No. 16 seeks documents concerning state and federal estate taxes in 2001. The request to compel shall be DENIED because relevance has not been established. Moreover, plaintiff also argues that this request is *not* discovery but rather information that defendants are required to provide to him under the terms of the trust.

**Production Request No. 17**

Request No. 17 seeks documents reflecting the trust's asset valuation on May 4, 2001. Defendants assert that they have produced trust statements from 2001 to the present. Assuming that the statements show the asset valuations on May 4, 2001, the motion compel request No. 17 shall be DENIED.

**Production Request Nos. 18, 19, 20, & 21**

Request Nos. 18 through 21 seek documents concerning certain activities and policies of Intrust Bank. In a one sentence response to each request, defendants argue that the information is "confidential and proprietary." An objection that information is "confidential

and proprietary" does not, standing alone, prohibit discovery of relevant information.[4] Defendants have not argued that the information is irrelevant or otherwise prohibited from discovery; therefore, the motion to compel documents responsive to these requests shall be GRANTED.

**Production Request No. 22**

Request No. 22 seeks "a copy of the insurance claim file in the suit." Defendants oppose this request, arguing that they have produced a copy of defendants' insurance policy. No other objections are argued.

Production of the insurance policy is only a partial response to Request No. 22. Because defendants argue no objections, the motion to compel shall be GRANTED and defendants shall produce any documents concerning insurance associated with this case.

---

[4] Ordinarily, a party asserting that information is "confidential and proprietary" seeks a protective order concerning such information. Defendants have not requested a protective order.

**Production Request No. 23**

Request No. 23 seeks documents reflecting the profits made from the Jessie I. Brooks Trust and Verne S. Brooks Trust. Information concerning the Verne S. Brooks Trust is not relevant to the issues in this case and defendants have produced the Jessie I. Brooks Trust statements; therefore, the motion to compel Request No. 23 shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel documents **(Doc. 126)** is **GRANTED IN PART** and **DENIED IN PART.** Defendants shall produce the information consistent with the rulings herein by **June 20, 2012.** Plaintiff's motion **(Doc. 125)** is **MOOT** and **DENIED.**

### Plaintiff's Motions to Compel Interrogatory Answers (Doc. 128)

Plaintiff moves to compel defendants to provide complete answers to eight interrogatories. Defendants oppose the motion, arguing that they have sufficiently answered Interrogatory No. 1 and that the remaining interrogatories seek irrelevant information and/or contain vague requests. The interrogatories are discussed in greater detail below.

**Interrogatory No. 1**

Interrogatory No. 1 asks defendants to state the purpose, goals and/or intent of the Jessie I. Brooks Trust. Defendants explain that they did not draft the trust document and that the "purpose, goals, and/or intent" of the trust can be determined from the trust document

itself. The court is satisfied that the trust document "speaks-for-itself" and that plaintiff can determine the "purpose, goals, and/or intent" from the documents. Accordingly, the request to compel a more complete answer shall be DENIED.

**Interrogatory Nos. 2, 3, 7, & 8**

Interrogatory Nos. 2, 3, and 7 seek information concerning investment advice and certain waiver provisions in the trust. Because plaintiff's claims concerning the waiver provisions have been dismissed, the information requested is not relevant. Interrogatory No. 8 asks defendants about their relationship with the attorney and law firm that drafted the trust. The request information is not relevant to plaintiff's remaining breach of trust claim. Therefore, plaintiff's request to compel answers to Interrogatory Nos. 2, 3, 7, & 8 shall be DENIED.

**Interrogatory Nos. 4 & 5**

Interrogatory Nos. 4 & 5 seek an explanation of the state and federal taxes associated with the trust. These two interrogatories are too vague and seek irrelevant information; thus, the request to compel Interrogatory Nos. 4 & 5 shall be DENIED.

**Interrogatory No. 6**

Interrogatory No. 6 asks defendants to explain the structure of the Jesse I. Brooks Trust *and Verne Brooks Trust* "and why they paid into one another." The interrogatory is vague and information concerning the Verne Brooks Trust is irrelevant. Accordingly, the request to compel an answer to Interrogatory No. 6 shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel answers to interrogatories **(Doc. 128)** is **DENIED.**

**Plaintiff's Motion to Subpoena Financial Records (Doc. 137)**

Plaintiff moves the court to issue a subpoena duces tecum to Wells Fargo for financial records concerning Jesse Brooks' investments *before* the creation of her trust.[5] Plaintiff argues that this information is relevant to show "how her assets performed with her prior investment advisors." (Doc. 137, p. 15). The motion for a subpoena duces tecum to a non-party for the production of financial records before 1996 (the year the trust was created) shall be DENIED under Fed. R. Civ. P. 26(b)(2) because the burden and/or expense of the proposed discovery outweighs its likely benefit.

---

[5] Jesse Brooks apparently had investments with A.G. Edwards before the creation of the trust. Plaintiff asserts that "A.G. Edwards in Wichita has now become Wells Fargo advisers." (Doc. 137, p. 15).

**IT IS THEREFORE ORDERED** that plaintiff's motion to subpoena financial records **(Doc. 137)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 31st day of May 2012.

                                                    S/ Karen M. Humphreys
                                                  _____
                                                  KAREN M. HUMPHREYS
                                                  United States Magistrate Judge