**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KRISTOFER THOMAS KASTNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-1012-EFM |
| ) | |
| **INTRUST BANK, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendants' motion for an order concerning certain depositions which plaintiff desires to take in Wichita, Kansas. (Doc. 149). The court's rulings are set forth below.

**Background**

This is an action against a financial institution and certain individuals concerning their management of a trust created by plaintiff's grandmother, Jessie Brooks.[1] The trust agreement was prepared by Mrs. Brooks' attorney and executed in 1996. Highly

---

[1] The nature and legal status of plaintiff's "beneficiary" interest is an unresolved issue in the case. Defendants contend that plaintiff is a "contingent" beneficiary at this time. Plaintiff asserts that he is a "qualified beneficiary" (Doc. 20, p.2) but also asserts that he is a "contingent beneficiary" and "the contingency is his survival of Nola Mae Wills [plaintiff's mother], approximately 65." (Doc. 20, p. 4).

summarized, the trust provided for distributions to Mrs. Brooks during her lifetime and, upon her death, for the benefit of her daughter, Nola Mae Wills. The remainder of the trust assets, if any, are to be distributed to Mrs. Brooks' grandson (plaintiff) upon the death of Nola Mae Wills. Brooks died in 2000 and Wills survives. Intrust Bank is the trustee.

In January 2008, plaintiff received information indicating that the trust had declined in value after the death of his grandmother in 2000. Plaintiff resides in Texas and filed this action without the assistance of counsel on January 13, 2010.[2] Based on representations that he was unemployed and that his normal living expenses exceeded his limited resources, plaintiff was granted leave to proceed in forma pauperis. With the exception of his breach of trust claim, all of plaintiff's claims have been dismissed. See Memorandum and Order, Doc. 89, p. 9.

On June 20, 2012, plaintiff telephoned the chambers of the undersigned magistrate judge to inquire: 1) whether there was a room available in the courthouse for depositions in mid-August and 2) whether someone in the courthouse could administer oaths to deposition witnesses. Plaintiff indicated that he would not be using a court reporter and would use his own equipment to record the depositions. After pointing out that Fed. R. Civ. P. 30 imposes a number of requirements on the "officer administering the oath," the court directed the

---

[2] Although plaintiff apparently graduated from law school, the Texas Board of Law Examiners found that plaintiff "does not possess the present good moral character and fitness for admission to the practice of law in Texas." Kastner v. Texas Board of Law Examiners, 2011 WL 3890398 (Tex.App.-Austin, August 31, 2011). Although highly educated, plaintiff is not admitted to the practice of law.

-2-

parties to confer and submit recommendations for addressing the requirements of Rule 30. (Doc. 144).

The parties conferred but were unable to agree on the procedures for satisfying the deposition requirements set forth in Rule 30. Plaintiff suggested that he be allowed to record the depositions with his own equipment and that he would then transcribe the recording. (Doc. 148). Defendants objected to this procedure and moved for a court order concerning plaintiff's proposed method of taking the depositions.

### Defendant's Motion for Ruling Regarding Depositions

Rule 28 requires that a deposition ***must*** be taken before an officer "authorized to administer oaths" but excludes "any party's relative, employee, or attorney; [anyone] related to or employed by any party's attorney; or [anyone] who is financially interested in the action." Because plaintiff has a financial interest in the case, he is not permitted to perform the duties of an "officer" in conducting the depositions. Furthermore, the court rejects plaintiff's suggestion that all that is needed is someone to administer the oath and that he can record and transcribe the record himself. Rule 30(c)(1) requires that "the testimony must be ***recorded by the officer personally*** or by a person acting in the presence and ***under the direction of the officer.***" (Emphasis added). Plaintiff's insistence that he record the deposition testimony with his own equipment to save money is not consistent with the requirement that the person recording the deposition acts "under the direction of the officer." The "officer" is also required to verify the accuracy of the deposition and preserve the chain

-3-

of custody of the recording.  Fed. R. Civ. P. 30(e) and (f).[3]  Plaintiff's suggestions do not satisfy these requirements.

In addition to the deficiencies noted above, the record in this case reveals a history of 1) repeated discovery requests and motions by plaintiff concerning irrelevant materials, 2) inappropriate motions to reconsider, and 3) premature notices of appeal.[4]  In consideration of these practices and pursuant to Fed. R. Civ. P. 26(b)(2), the court now exercises its discretion to limit the use of depositions in this case and instead will restrict plaintiff's discovery to one set of 25 additional interrogatories to defendants.  The interrogatories shall not seek discovery of information which the court has denied in earlier rulings in this case. (See, Doc. 139).  The interrogatories shall be served by August 13, 2012.  Any motion to compel by plaintiff shall be limited to 15 pages, including attachments.  Any response by defendants shall similarly be limited to 15 pages and any reply shall be limited to 5 pages.

**IT IS THEREFORE ORDERED** that Defendants' motion for a ruling regarding depositions **(Doc. 149)** is **GRANTED IN PART**, consistent with the rulings herein.

---

[3] During the July 24, 2012 conference, plaintiff argued that defendants' objections to the qualifications of the "officer" are noted but that the deposition still proceeds under Rule 30(c)(2).  Plaintiff's reliance on Rule 30(c)(2) is misguided because the rule addresses "objections at the time of the examination."  Here, defendant lodged its objections in a motion *before* the time of the examination.

[4] Plaintiff has been deemed a "vexatious litigant" by state judges in at least two Texas cases.  Kastner v. Martin & Drought, 2011 WL 2893040 (Tex. App.-San Antonio, Case No. 04-09-00565, July 20, 2011); Kastner v. Texas Board of Law Examiners, 2011 WL 3890398 (Tex. App.-Austin, Case No. 03-10-00167-CV, August 31, 2011, fn.1).

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of July 2012.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge