# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KRISTOFER THOMAS KASTNER,** )
)
            **Plaintiff,** )
)
**v.** )    Case No. 10-1012-EFM
)
**INTRUST BANK, et al.,** )
)
           **Defendants.** )
)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to stay all proceedings in this case and to extend all case management deadlines. (Doc. 154). Specifically, plaintiff asserts that he recently filed an action for a declaratory judgment against defendants in state court and that this case should be stayed pending rulings by the state court. Defendants' oppose this motion. For the reasons set forth below, the motion shall be DENIED.

The nature of this case and plaintiff's allegations against defendants have been described in earlier opinions and will not be repeated. See, e.g., Memorandum and Order, Doc. 89 (dismissal of all but one of plaintiff's claim). Plaintiff filed this case against defendants in federal court on January 13, 2010 and asserted numerous claims related to a trust created by his grandmother. After the passage of 18 months and rulings on more than 30 motions (including a motion to dismiss), plaintiff now asserts that this case should be stayed because issues concerning the trust "are best heard in a declaratory action" he filed

in state court on July 19, 2012.

The court is not persuaded that this case should be stayed while plaintiff pursues his recently filed state court case. Mr. Kastner, a resident of Texas, has been deemed a "vexatious litigant" by at least two Texas judges and has displayed similar troubling conduct in this case by repeatedly raising issues that have been ruled on.[1] Plaintiff presents no persuasive arguments why this case should be stayed after the passage of 18 months and multiple rulings related to discovery and the merits of his claims.

**IT IS THEREFORE ORDERED** that plaintiff's "motion for stay of proceedings and extension of deadlines" **(Doc. 154)** is **DENIED.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards

---

[1] See, Memorandum and Order, dated July 26, 2012 (Doc. 152), at fn. 4.

enunciated by the court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

Dated at Wichita, Kansas this 28th day of August 2012.

                                      S/ Karen M. Humphreys
                                      _____
                                      KAREN M. HUMPHREYS
                                      United States Magistrate Judge