**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KRISTOFER THOMAS KASTNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-1012-EFM |
| ) | |
| **INTRUST BANK, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendants' motion for an order (1) striking plaintiff's experts and (2) precluding plaintiff from presenting expert testimony. (Doc. 161). As explained in greater detail below, the motion shall be DENIED.[1]

On September 7, 2012 plaintiff served defendants with his designation of experts pursuant to Fed. R. Civ. P. 26(a)(2) and listed ten "expert" witnesses as follows: plaintiff, Standish H. Smith, Robert H. Whitman, Roger Lemon, C.Q. Chandler, David Sutton, Jill Casado, Michael Cannady, Larry Rosenwald, and Dominic J. Campisi. Defendants move to strike the witnesses from testifying, arguing that plaintiff's "expert designations do not comply with Rule 26(a)(2)(B)." (Doc. 161, p. 2). Specifically, defendants assert the expert

---

[1] The nature and background of this litigation has been described in prior opinions and will not be repeated. See, e.g., Memorandum and Order, Doc. 152.

witness "designations" lack: (1) a written opinion signed by the expert, (2) a list of all facts or data considered by the expert in forming his opinion; (3) exhibits supporting the opinion, (4) a curriculum vitae, (5) a list of cases in which the expert testified within the last four years, and (6) a statement of compensation. Fed. R. Civ. P. 26(a)(2)(B)(i-vi).

Defendants' argument that Mr. Kastner should not be allowed to personally provide expert witness testimony based on Rule 26(a)(2)(B) is misguided and rejected. The expert disclosures required by Rule 26(a)(2)(B) apply to "retained or specially employed" expert witnesses.[2] Obviously, plaintiff is not a "retained or specially employed" expert witness; thus, the disclosure requirements set forth in Rule 26(a)(2)(B)(i-vi) do not apply to his expert witness testimony. Similarly, Rule 26(a)(2)(B) has no application to Roger W. Lemons, C.Q. Chandler, Michael P. Cannady, Jill Casado, and David Sutton because they are not "retained or specially employed" expert witnesses.[3]

With respect to the disclosures related to Standish H. Smith, Robert H. Whitman, Larry Rosenwald, and Dominic J. Campisi, plaintiff argues that the court stated during a July 24, 2012 conference that expert reports would be due before the close of discovery on **December 4, 2012** and he interpreted this statement as an extension of the Scheduling Order's September 7, 2012 deadline for plaintiff's expert disclosures. (Scheduling Order,

---

[2] The disclosures are also required for "one whose duties as the party's employee regularly involve giving expert testimony." This provision has no application to plaintiff.

[3] Lemmons, Chandler, Cannady, and Sutton are defendants. Casado is an employee of defendant Intrust Bank. There may be other grounds for excluding "expert" testimony but the court limits its analysis in this opinion to the argument raised by defendants.

Doc. 145). Because of the court's comment and the fact that plaintiff has limited resources, plaintiff did not secure written reports from these experts in time to be served by September 7. Plaintiff "anticipates" that he will produce the reports, "if at all," by November 15, 2012.[4]

Smith, Whitman, Rosenwald, and Campisi appear to be retained expert witnesses; thus, the disclosure requirements found in Rule 26(a)(2)(B) apply to them. To date, no written reports consistent with Rule 26(a)(2)(B) have been produced and ordinarily, a retained expert is not permitted to testify if the required report has not been timely produced. However, as noted above, plaintiff seeks to excuse his delay based on his interpretation of a comment made during the July 24 conference.

The statement during the July 24 conference that expert reports would be due before December 4 has been taken out of context by plaintiff. The court was expressing the expectation and intent that ***all*** discovery would be concluded by December 4, 2012, the deadline set out in the recently filed Scheduling Order for the completion of discovery. However, to avoid any further uncertainty or ambiguity concerning the deadlines, the court will impose a deadline of November 9, 2012 for plaintiff to provide the expert reports required by Rule 26(a)(2)(B). Defendants' deadline for their retained expert reports, if any, is extended to November 23, 2012. All other deadlines in the Scheduling Order remain in place.

---

[4] Plaintiff hedges whether he will actually hire these witnesses to provide expert reports and testimony.

**IT IS THEREFORE ORDERED** that Defendants' motion to strike expert witnesses **(Doc. 161)** is **DENIED WITHOUT PREJUDICE.** Plaintiff's deadline for providing his Rule 26(a)(2)(B) expert reports for Smith, Whitman, Rosenwald, and Campisi is November 9, 2012. Defendants' deadline for producing their expert witness disclosures is November 23, 2012. Plaintiff's motion for an extension of time to respond to defendants' motion(Doc. 164) is **MOOT** and **DENIED.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of October 2012.

                                                  S/ Karen M. Humphreys
                                                 _____
                                                 KAREN M. HUMPHREYS
                                                 United States Magistrate Judge