**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KRISTOFER THOMAS KASTNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-1012-EFM |
| ) | |
| **INTRUST BANK, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendants' motion to amend the scheduling order to extend the deadline for the filing of any dispositive motions. (Doc. 189). Specifically, defendants ask that the deadline be extended 30 days following a ruling on defendants' motion to strike.[1] As explained in greater detail below, the motion shall be DENIED.[2]

Plaintiff filed this case on January 13, 2010 and proceeds pro se. After the passage of 18 months and rulings on more than 30 motions, a scheduling order was entered on June 26, 2012 establishing a January 11, 2013 deadline for the filing of any dispositive motions. (Doc. 145). Defendants now seek an extension of their dispositive motion deadline, arguing

---

[1] Defense counsel advised the court's staff that plaintiff opposes the motion.

[2] The nature and background of this litigation has been described in prior opinions and will not be repeated. See, e.g., Memorandum and Order, Doc. 152.

that their pending motion to strike four of plaintiff's designated experts should be ruled on before the filing of any dispositive motions. In essence, defendants are suggesting a piecemeal approach requiring evidentiary rulings before any dispositive motions are filed. The court is not persuaded that the motion for an extension of time is warranted given the lengthy and protracted history of this case. Rather, defendants shall file any dispositive motions by the January 11, 2013 deadline and the motion to strike, if relevant, will be considered in conjunction with the dispositive motions.

**IT IS THEREFORE ORDERED** that Defendants' motion for an extension of time **(Doc. 189)** is **DENIED.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of January 2013.

                                            S/ Karen M. Humphreys
                                            _____
                                            KAREN M. HUMPHREYS
                                            United States Magistrate Judge