# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KRISTOFER THOMAS KASTNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-1012-EFM |
| ) | |
| **INTRUST BANK, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motions to compel (Doc. 181) and to file sur-replies (Doc. 186 & 187). For the reasons set forth below, the motions shall be DENIED.

**Motions to File Sur-replies (Doc. 186 & 187)**

Plaintiff filed a motion to compel (Doc. 181) on December 4, 2012 and defendants filed their response (Doc. 183) on December 16. Rather than file a reply brief addressing defendants' response, plaintiff moves for leave to file sur-replies. In the United States District Court for the District of Kansas, a party opposing a motion files a "response" brief and the moving party may then file and serve a written "reply" brief. D. Kan. Rule 7.1(c). Because plaintiff is the moving party in this instance, he may timely file a reply brief under

Rule 7.1(c) without seeking court permission.[1]  Under the circumstances, plaintiff's motions for leave to file sur-replies are inappropriate and summarily denied.  The court construes Docs. 186 and 187 as plaintiff's reply and has considered his arguments in ruling on the motion to compel.

**Plaintiff's Motion to Compel (Doc. 181)**

Plaintiff moves to compel defendants to produce documents responsive to Production Requests No. 3 and 4.  Request No. 3 asks defendants to produce "documents showing the title which were [sic] part of the J. Brooks estate and/or trust to the two pieces of property or the sale value of that property."   Defendants respond that the Trust has not held any real property during the period of time relevant to the claims in this case (2001 to the present); therefore it has no relevant documents to produce.  Defendant also contends that any documents concerning trust assets prior to 2000 are irrelevant to the claims in this case.

In an earlier ruling in this case the court denied plaintiff's request to compel the production of trust statements for the years 1996-2000 because plaintiff had not shown the relevance of such documents.  Memorandum and Order, Doc. 139.  Plaintiff has similarly not shown the relevance of documents concerning titles to real estate before 2000.  Because defendants have no documents responsive to Production Request No. 3 during the relevant period of time, the motion to compel Request No. 3 is denied.

---

[1] A "reply" must be filed and served within 14 days of service of the response.  D. Kan. Rule 6.1(d).

-2-

Production Request No. 4 requests "the board meeting minutes or other documents which show the results of audits of the J. Brooks trust account, i.e., documents which comply with 12 C.F.R. 9.9 for the J. Brooks trust." Defendants assert that the bank is in compliance with the referenced regulation but that there are no documents responsive to the request. Plaintiff counters that defendants' representation is false and that there "must be" documents responsive to the request.

Plaintiff's arguments that defendants provided an untrue or "false" answer to the production request are not persuasive. Because defendants represent that there are no documents responsive to the request, the motion to compel Production Request No. 4 is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 181)** and motions for leave to file sur-replies **(Doc. 186 & 187)** are **DENIED.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).

Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 25th day of January 2013.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge