# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRISTOFER THOMAS KASTNER,

*Plaintiff,*

vs.

Case No. 10-1012-EFM-KMH

INTRUST BANK, et al.,

*Defendants.*

## MEMORANDUM AND ORDER

In 1996, Plaintiff Kristofer Thomas Kastner's grandmother executed a trust with Defendant Intrust Bank serving as the trustee. Plaintiff, a beneficiary, brings suit against Intrust Bank, four of its bank officers, and Intrust Financial Corporation alleging that the trust has lost value since his grandmother's death in 2000. Before the Court is Defendants' Motion for Summary Judgment (Doc. 192). For the following reasons, the Court grants Defendants' motion.

### I. Factual and Procedural Background[1]

*Local Rules for Summary Judgment*

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

The required rules for summary judgment motions in the District of Kansas are set forth in D. Kan. Rule 56.1. Under that rule, "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."[2] D. Kan. Rule 56.1(b) addresses a party's responsibility in opposing a motion for summary judgment.

> (1) A memorandum in opposition to a motion for summary judgment must begin with a section containing a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant's fact that is disputed.
>
> (2) If the party opposing summary judgment relies on any facts not contained in movant's memorandum, that party must set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

Plaintiff is pro se, and the Court must afford him some leniency in his filings.[3] A pro se litigant, however, is still expected to "follow the same rules of procedure that govern other litigants."[4] In this case, Plaintiff failed to appropriately controvert any of Defendants' facts because he did not coherently respond to Defendants' factual statement.[5] He also failed to

---

[2] D. Kan. Rule 56.1(a).

[3] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

[4] *Id.*

[5] Plaintiff submitted approximately 1200 pages in 224 separate documents/exhibits as his response to Defendants' motion for summary judgment. The Court opened numerous documents in an attempt to determine Plaintiff's response. The first six documents submitted by Plaintiff illustrate the Court's inability to discern Plaintiff's argument or response. The first page (Doc. 200) appears coherent enough, but the second page (Doc. 200-1) cuts off mid-sentence. On the third page (Doc. 200-2), Plaintiff starts mid-sentence (although apparently from an entirely different sentence than the previous page), and he starts numbered assertions, starting with the number 19.

appropriately set forth additional facts coherently. Nonetheless, the Court recognizes that Plaintiff is pro se, and to the extent it could understand Plaintiff's argument, the Court construes it generously.

*Facts*

Jessie I. Brooks executed a Trust Agreement, denominated the "Jessie I. Brooks Revocable Trust," on June 5, 1996 ("the Trust"). The Trust named Intrust Bank, NA as the Trustee for the Trust. The Trust provided for distributions during the lifetime of the settlor and, upon her death, they continued for the benefit of the settlor's daughter, Nola Mae Wills. The remainder of the Trust assets, if any, is to be distributed to the settlor's grandson, Plaintiff Kristofer Thomas Kastner, upon the death of Ms. Wills. Upon the death of the settlor, the Trust provided for several distributions, including a one-time distribution of twenty-five thousand dollars to Plaintiff.

Jessie I. Brooks died in 2000. Ms. Wills is still living.[6] On January 1, 2001, the Trust had a total balance of $859,264.52. On December 31, 2008, the Trust had a total balance of $847,518.09. On December 31, 2011, the Trust had a balance of $1,006,425.44. The Trust disbursed $516,364.51 between January 1, 2001 and December 31, 2011. From 2001 to 2011, the Trust earned more percentage-wise than the S&P 500 index did.

---

This page runs through the numbered assertion of 27, but again cuts off mid-sentence. The fourth page (Doc. 200-3) is half of one sentence with Plaintiff's signature and address. The last two pages (Docs. 200-4, 200-5) are a list of 31 footnotes with citations. The Court notes, however, that these footnotes do not appear to match the footnotes referenced in the text of the previous four pages. For example, Plaintiff cites to footnote 29a through 29f in Doc. 200-2. Footnote 29 in Doc. 200-5 references a Kansas case. Yet, none of Plaintiff's assertions in Doc. 200-2 referencing footnote 29 relate to this Kansas case. It appears that most of Plaintiff's "response" is contained in Doc. 202 and its accompanying supplements.

[6] She is not a party to this lawsuit.

Thomas Weiford, an expert retained by Defendants regarding Intrust Bank's handling of investments, opined that the investment management activities of Defendant Trustees during the referenced time period were within the norms of industry practice and met the standard of care for professional trustees in managing and investing the Trust assets. Mr. Weiford also opined that the investments were made in accordance with the terms of the Trust and in the interests of the beneficiaries, not favoring one beneficiary over another. Furthermore, Mr. Weiford stated that Defendant Trustees exercised reasonable care, skill, and caution in administering the Trust.

On or about March 5, 2009, Plaintiff received annual accountings for the Trust from the year 2000 to 2008. On or about January 12, 2010, Plaintiff received the 2009 annual trust statement for the Trust.

*Procedural History*

Plaintiff filed his original Complaint on January 13, 2010 asserting nine causes of action. The Court dismissed five claims.[7] Plaintiff then filed a Motion to Amend Complaint, which the Court subsequently granted, and Plaintiff filed an Amended Complaint on February 23, 2011. Plaintiff's allegations were generally the same in his Amended Complaint, and Defendants again filed a Motion to Dismiss all claims, with the exception of the breach of trust claim. The Court granted Defendants' motion.[8] Discovery proceeded on the remaining claim, and discovery closed on December 4, 2012.

Defendants now move for summary judgment on the remaining breach of trust claim. There are four additional pending motions. These include: Plaintiff's Motion for Leave to File Surreply (Doc. 208), Plaintiff's Motion for Oral Argument (Doc. 209), and Defendants' Motion

---

[7] Doc. 53.

[8] Doc. 89.

to Strike Experts (Doc. 184).[9] The Court will first address Defendants' Motion for Summary Judgment as it is dispositive and renders the remaining motions moot.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[10] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[11] The movant bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[12] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[13] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[14] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[15]

## III. Analysis

Plaintiff appears to allege that Defendants committed a breach of trust because Defendants (1) invested the Trust assets poorly, (2) did not invest the Trust assets according to

---

[9] Plaintiff recently filed another motion seeking to disqualify Judge Humphries from the case (Doc. 211).

[10] Fed. R. Civ. P. 56(c).

[11] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[12] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[13] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[14] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[15] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

the beneficiaries' wishes, and (3) failed to provide Plaintiff with information necessary to protect his interests. Essentially, Plaintiff alleges that Defendants committed a breach of trust because they failed to seek his investment advice and the Trust has lost value since his grandmother's death.

Defendants contend that they are entitled to summary judgment because (1) Plaintiff cannot establish the appropriate standard of care for a professional trustee and a breach of that standard because he cannot provide an expert to so testify,[16] and (2) even if Plaintiff could produce expert testimony regarding the standard of care, Defendants did not commit a breach of trust. Although Defendants make valid arguments for both contentions, the Court will only address the second contention.

The Kansas Prudent Investor Act, K.S.A. § 58-24a01 et seq., is applicable when determining a Trustee's duties. Specifically, K.S.A. § 58-24a01(a) provides that "a fiduciary who invests and manages trust assets owes a duty to the beneficiaries of the trust to comply with the prudent investor rule set forth in this act." K.S.A. § 58-24a02(a) provides that "a fiduciary shall invest and manage trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements and other circumstances of the trust." Importantly, "compliance with the prudent investor rule is determined in light of the fact and circumstances existing at the time of a fiduciary's decision or action and not by hindsight."[17]

---

[16] In Kansas, expert testimony is generally required to establish the standard of care applicable to professional trustees of a trust and a breach of that duty. *See Matter of Estate of Maxedon*, 946 P.2d 104, 111, 24 Kan. App. 2d 427, 436-37 (1997). In this case, it does not appear that Plaintiff has appropriately designated experts. Thus, even if the case would proceed to trial and past summary judgment, Plaintiff would not have appropriate expert testimony to support his breach of trust claim.

[17] K.S.A. § 58-24a08.

Plaintiff fails to provide the Court with any evidence that controverts Defendants' facts that they invested and managed the Trust as a prudent investor would. Instead, Plaintiff simply claims that the Trust should be worth more based on certain mutual funds that he identified subsequent to filing this lawsuit. As noted above, the prudent investor rule is not determined by hindsight. At the summary judgment stage, Plaintiff must come forward with competent and admissible evidence, and this evidence must demonstrate that there is a genuine issue of material fact. Plaintiff has done neither as he simply speculates that the Trust should be worth more money.

Furthermore, the uncontroverted facts demonstrate that although the Trust lost a small amount of value between 2001 and 2008, the Trust was worth more on December 31, 2011 than it was worth on January 1, 2001. Thus, the Trust did not lose money as Plaintiff contends. In addition, the Trust disbursed over $500,000 during this time frame. And finally, the facts demonstrate that between 2001 and 2011, the Trust outperformed the S&P index. Accordingly, Plaintiff's contention that Defendants invested the Trust assets poorly fails.

Second, Plaintiff contends that Defendants did not invest the Trust assets according to his wishes. He claims that had Defendants listened to his investment advice, the Trust would be worth in excess of $10 million dollars today. Generally, the duty to administer a trust lies with the trustee, and the beneficiaries to a trust are not entitled to direct trust investments.[18] If a trust vests the Trustee with the discretion to administer the trust, "beneficiaries have no right to demand that the trustee's discretion be delegated to them."[19] Furthermore, "where discretion is

---

[18] *Jennings v. Murdock*, 553 P.2d 846, 220 Kan. 182 (1976).

[19] *Id.* at 863, 220 Kan. at 201.

conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee in his discretion."[20]

In this case, the Trust specifically provides the Trustee with the discretion to invest the Trust's assets. Specifically, the Trust states that the Trustee has "the full right, power, and authority to invest and reinvest any and all funds or other assets coming into Trustee's hands as part of the Trust estate . . . ."[21] There are no Trust provisions requiring the Trustee to confer with the beneficiaries when investing the Trust assets. Furthermore, Plaintiff provides this Court with no evidence that Defendants abused their discretion in administering the Trust. Instead, he simply speculates that the Trust should be worth more and that Defendants should have considered his "investment advice." Plaintiff's speculation is insufficient to defeat Defendants' motion for summary judgment. As noted above, Defendants were under no obligation to invest the Trust assets according to Plaintiff's "investment advice" because the discretion rested with the Trustee.

With respect to Plaintiff's third assertion that Defendants failed to give Plaintiff information necessary to protect his interests, the uncontroverted facts demonstrate otherwise. The facts show that Defendants provided Plaintiff with information regarding the Trust. Indeed, it appears that Plaintiff decided to bring this lawsuit from the information Defendants provided him.

Plaintiff fails to provide this Court with competent evidence demonstrating that there is a genuine issue of material fact as to Plaintiff's breach of trust claim. Thus, Defendants are entitled to summary judgment on Plaintiff's remaining claim.

---

[20] *Id.*

[21] Doc. 193-1, the Trust, ¶ 5.4.

**IT IS ACCORDINGLY ORDERED** this 25th day of September, 2013, that Defendants' Motion for Summary Judgment (Doc. 192) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Second Motion to Strike Experts Smith, Whitman, Rosenwald, and Campisi (Doc. 184) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Surreply (Doc. 208) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument (Doc. 209) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Disqualify Judge Humphreys (Doc. 211) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE